UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MICHAEL WALTER PAYETTE,

    Plaintiff,               Case No. 2:10-cv-242

v.                                      Honorable R. Allan Edgar

JEFFRY BRIGGS et al.,

    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Harris, Rutter, Lesatz, Bauman, Livermore, Contreras, Nord and Rankin. The Court will serve the complaint against the remaining Defendants[1].

---

[1] Insufficient information is available at this time to permit service on the parties listed in the complaint as unknown Does at Alger Correctional Facility.

**Discussion**

    I.        Factual allegations

Plaintiff currently is incarcerated at the Baraga Maximum Correctional Facility, but the events giving rise to his complaint occurred during his incarceration at the Alger Maximum Correctional Facility. In his *pro se* complaint, Plaintiff sues the following Alger employees: Corrections Officers Jeffry Briggs, Christopher Deatsman, (unknown) Hill, (unknown) DeYoung, (unknown) Tennyson, (unknown) Mattson, Kelly Johnson and (unknown) Radloff; Warden Catherine Bauman; Deputy Warden Daniel Lesatz; Assistant Deputy Warden (unknown) Rutter; Assistant Resident Unit Supervisor (unknown) Harris; Lieutenant (unkown) Nord; Sergeants (unknown) Rondeau, Livermore and Rankin; Inspector (unknown) Contreras; and (unknown) Does.

        In his more-than-forty-page complaint, Plaintiff makes detailed allegations regarding alleged violations of his constitutional rights by Defendants from approximately January 31, 2009 until his transfer to Baraga on May 12, 2010. Throughout his complaint, Plaintiff alleges that Defendants Briggs and Deatsman stole, vandalized and destroyed a large volume of his legal property in retaliation for his grievances and lawsuits against them and their co-workers in violation of his First Amendment rights. According to Plaintiff, he recently had filed lawsuits against both Briggs and Deatsman. Plaintiff alleges that Deatsman and Briggs frequently made harassing comments about Plaintiff's lawsuits like, "You file all of these meaningless lawsuits like a dumbass. You're too stupid to win a lawsuit," and "I'll be fucking you before you win a lawsuit against me." (Compl., ¶ 59, Page ID #15.) Plaintiff further claims that Defendants Radloff and Mattson stole his legal property during the pack-up of his property for his transfer to Baraga in retaliation for his grievances and lawsuits.

Plaintiff alleges that Defendant Radloff had him placed on shower restriction after Plaintiff was not fast enough in the shower and hit the shower button an extra time to finish rinsing himself off. Under the restriction, Plaintiff was allowed one shower per week, but Plaintiff claims that Defendants Radloff, Mattson, Deatsman and Briggs denied his showers and threatened to steal his property if he exercised his right to go to the shower. Plaintiff alleges that he received only three or four showers over the four-month period from early February until his transfer on May 12, 2010, in violation of his Eighth Amendment rights. He further claims that he was denied hygiene supplies during that time, including dental floss.

Plaintiff claims that Defendants used excessive force on two occasions when Plaintiff refused orders to come out of his cell for a shakedown. Plaintiff refused to come out of his cell because Defendants repeatedly had harassed him and threatened to steal or destroy his legal property. On April 30, 2010, a response team, including Defendants Deatsman and Briggs removed Plaintiff from his cell "under threats of poison, violence and sexual assaults." (Compl., ¶ 37, Page ID #10.) Plaintiff alleges that Defendant Briggs intentionally hurt him while applying hard restraints. Plaintiff remained in the hard restraints until the evening of May 2. Plaintiff claims that Defendants Mattson, Briggs and Deatsman repeatedly taunted him about his pain and suffering and told him that they were lying about Plaintiff's behavior in order to keep him in the hard restraints for as long as possible. He alleges that Defendants Mattson, Briggs, Deatsman, Tennyson and DeYong denied him meals and hygiene supplies during the period that he was in hard restraints.

Plaintiff was removed from his cell by a response team for the second time on May 7, 2010, after Plaintiff tried to use a handmade tool to destroy the window in his door. The team was composed of Defendants Rondeau, Hill, Briggs and Deatsman. He claims that upon Defendant

Rondeau's order to "take down" Plaintiff, Hill lifted his shield high in the air and brought it down forcefully on Plaintiff's head, causing injury to Plaintiff's neck. He further alleges that Defendant Briggs applied the restraints in a manner that caused him extreme pain. Plaintiff was left in the hard restraints for three days. He also claims that Defendants Briggs, Deatsman, Rondeau, DeYoung, Mattson, Tennyson and Johnson denied Plaintiff's requests for soap and toilet paper from May 7 through 12.

In addition to withholding his meals while he was in hard restraints from April 30 through May 2, Plaintiff alleges that Defendants Mattson, Briggs, Deatsman, DeYoung, Tennyson and Johnson deprived him of meals for days at a time from mid-April until he was transferred on May 12, 2010, in violation of the Eighth Amendment. Plaintiff claims that Defendants taunted him about his hunger and asked him if he was hungry at meal times when they knew that they were not going to feed him. Plaintiff alleges that Defendant Briggs said to him at one point, "I got this all lined up Payette. You can't win. No one will feed you. I can get these people to go along with whatever I say. . . You can't touch me. No one can . . . . . (Compl., ¶ 95, Page ID #94.)

Plaintiff claims that Defendant Deatsman wrote a false misconduct against him for possession of a weapon and threatening behavior arising from the incident on May 7 that resulted in Plaintiff's removal from his cell. According to Plaintiff Defendant Rondeau falsified a document stating that Plaintiff refused to attend the misconduct hearing. As a result, Plaintiff was convicted of the false charges without having the opportunity to attend the misconduct hearing in violation of his due process rights. Plaintiff further alleges that Defendant Deatsman and Rondeau's conduct was retaliatory. According to Plaintiff, Deatsman told him "Rondeau and I got you good hunh!? Now you're going to be rode out to a max joint and won't be allowed to even see the parole board let

alone be considered. That'll teach you to file a lawsuit and fuck w/me." (Compl., ¶ 110, Page ID #29.)

Plaintiff seeks declaratory relief and monetary damages in excess of $2.5 million.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Defendants Harris, Rutter, Lesatz, Bauman, Livermore, Contreras, Rankin and Nord**

Plaintiff claims that Defendants Harris, Rutter, Lesatz, Bauman, Livermore, Contreras, Rankin and Nord failed to take remedial action in response to the alleged unconstitutional conduct of their subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Harris, Rutter, Lesatz, Bauman, Livermore, Contreras, Rankin and Nord engaged in any active unconstitutional behavior.

The extent Plaintiff suggests that these Defendants intentionally failed to act because Plaintiff had written grievances or filed lawsuits against them, his allegations are wholly conclusory. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts whatsoever to

support his conclusion that Defendants retaliated against him because of his grievances and law suits. Accordingly, he fails to state a claim against Defendants Harris, Rutter, Lesatz, Bauman, Livermore, Contreras, Rankin and Nord. *See Ashcroft*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

        B.        **Defendants Briggs, Deatsman, Rondeau, Hill, DeYoung, Tennyson, Mattson, Johnson and Radloff**

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to state a First Amendment claim against Defendants Briggs, Deatsman, Radloff and Mattson for stealing, vandalizing and destroying a large volume of Plaintiff's legal property in retaliation for his grievances and lawsuits against them.

Plaintiff states an Eighth Amendment claim against Defendants Radloff, Mattson, Deatsman and Briggs for allowing Plaintiff only three or four showers and denying him hygiene supplies from early February until his transfer on May 12, 2010. In addition, Plaintiff states an Eighth Amendment claim against Defendants Mattson, Deatsman, Briggs, Rondeau and Hill for using excessive force in removing him from his cell and placing him in hard restraints on April 30 and May 7, 2010. Plaintiff's allegations that Defendants Mattson, Briggs and Deatsman intentionally lied about his behavior to keep him hard restraints for as long as possible and his claim that Defendants Mattson, Briggs, Deatsman, Rondeau, Tennyson and DeYong denied him meals and hygiene supplies during the period that he was in hard restraints also are sufficient to state a claim under the Eighth Amendment. Additionally, Plaintiff states an Eighth Amendment claim against Defendants Mattson, Briggs, Deatsman, DeYoung, Tennyson and Johnson for depriving him of meals for days at a time from mid-April until he was transferred on May 12, 2010.

Finally, Plaintiff's allegations are sufficient to state First and Fourteenth Amendment claims against Defendant Deatsman and Rondeau for allegedly writing a false misconduct against hum and depriving him of an opportunity to attend the misconduct hearing in retaliation for Plaintiff's lawsuits against them.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Harris, Rutter, Lesatz, Bauman, Livermore, Contreras, Rankin and Nord will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Briggs, Deatsman, Rondeau, Hill, DeYoung, Tennyson, Mattson, Johnson and Radloff.

An Order consistent with this Opinion will be entered.


Dated:    12/15/2010                    */s/ R. Allan Edgar*
                                        R. Allan Edgar
                                        United States District Judge